IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PHILLEATRA G., | |
|     Plaintiff, | |
| v. | CIVIL ACTION FILE |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | NO. 1:20-CV-2245-MHC-JCF |
|     Defendant. | |

**ORDER**

This matter is before the Court on the Magistrate Judge's Final Report and Recommendation ("R&R") [Doc. 26], recommending that the decision of Defendant, the Commissioner of the Social Security Administration ("the Commissioner"), denying Plaintiff's application for disability benefits be affirmed.

**I.   BACKGROUND**

On March 8, 2016, Plaintiff applied for a period of disability and disability insurance benefits, alleging that she became disabled on November 22, 2013 (later amended to September 11, 2013) as a result of low vision in her right eye and night blindness, clinical depression, and post-traumatic stress disorder. Tr. [Docs. 17-1 through 17-7] at 17, 90, 187-88, 226-27. An Administrative Law Judge ("ALJ")

held a hearing on December 19, 2018, and determined that Plaintiff was not disabled from September 11, 2013, until the date of the decision on March 15, 2019. Id. at 17-36, 41-63. The Social Security Appeals Council denied review of the ALJ's decision, rendering the ALJ's decision the final decision of the Commissioner. Id. at 1-7.

On May 26, 2020, Plaintiff filed her Complaint [Doc. 1] in this Court pursuant to 42 U.S.C. § 405(g) seeking review of the Commissioner's decision that Plaintiff is not entitled to disability insurance benefits under the Social Security Act, and she requests that this Court modify the decision and grant monthly benefits to her. Compl. at 3. Plaintiff asserted three reasons why this Court should reverse the ALJ's decision: (1) the ALJ erred in determining Plaintiff's residual functional capacity ("RFC") by failing to obtain expert medical opinion as to her functional limitations, (2) the ALJ erred by failing to resolve the conflict between the testimony of the vocational expert and the Dictionary of Occupational Titles in determining that Plaintiff could return to jobs in the national economy, and (3) the ALJ erred in failing to determine that there were a significant number of jobs in the national economy that Plaintiff could perform. Pl.'s Br. [Doc. 20] at 2-3.

On May 28, 2021, United States Magistrate Judge J. Clay Fuller issued his R&R recommending that the final decision of the Commissioner be affirmed. The Order for Service of the R&R [Doc. 27] provided notice that, in accordance with 28 U.S.C. § 636(b)(l), the Parties were authorized to file objections within fourteen (14) days of the receipt of that Order. Plaintiff filed her objections to the R&R on December 27, ("Pl.'s Objs.") [Doc. 28], and the Commission filed her response to those objections on January 5, 2022.

## II.    LEGAL STANDARD

In reviewing a Magistrate Judge's R&R, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(l). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (internal quotation marks omitted) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(l), and need

3

only satisfy itself that there is no plain error on the face of the record in order to accept the recommendation. See United States v. Slay, 714 F.2d 1093,1095 (11th Cir. 1983). In accordance with 28 U.S.C. § 636(b)(l) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a de novo review of those portions of the R&R to which objections have been made and has reviewed the remainder of the R&R for plain error. See Slay, 714 F.2d at 1095.

### III. DISCUSSION

As an initial matter, almost all of Plaintiff's objections are repetitive of arguments previously made to the Magistrate Judge about the flaws in the ALJ's decision as opposed to errors made by the Magistrate Judge. Consequently, there are few citations to findings made in the R&R. Nevertheless, because Plaintiff is proceeding pro se, the Court will consider her objections even if they are restatements of positions previously argued to the Magistrate Judge.

Plaintiff first asserts that the ALJ somehow tampered with the transcript. Pl.'s Objs. at 1, 3-4, 19-20. Plaintiff did not present any argument or evidence to the Magistrate Judge concerning the alleged tampering with the transcript. See Williams v. McNeil, 557 F.3d 1287, 1290-92 (11th Cir. 2009) ("[T]he district court has broad discretion in reviewing a magistrate judge's report and

4

recommendation"—it "does not abuse its discretion by considering an argument that was not presented to the magistrate judge" and "has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."). Even if this Court permitted Plaintiff to raise this additional argument not presented to the Magistrate Judge, it would overrule the objection as completely unfounded. There is no credible evidence offered by Plaintiff that the ALJ tampered with the transcript or fabricated evidence in this case.

Plaintiff next complains that the vocational expert who testified at the administrative hearing failed to use current Dictionary of Occupational Titles ("DOT") data to determine if Plaintiff had the physical capacity to perform her past relevant work and the ALJ ignored the testimony of vision experts and other "unsubstantiated evidence" to support his conclusions. Pl.'s Objs. at 1-2, 4-8. This Court has conducted a de novo view of the record and concurs with the Magistrate Judge that (1) the ALJ's reliance on the vocational expert's testimony was proper, (2) the ALJ found the vocational expert to be credible and "[t]o the extent any of the restrictions or job parameters outlined in the [RFC] . . . are not discussed in the DOT, [the expert] based her testimony regarding these factors on

5

her professional observations and expertise," and (3) Plaintiff did not point to any medical evidence of record that was not considered by the ALJ. R&R at 24-27.

Plaintiff also objects to the ALJ's ignoring the testimony of "visual experts" Drs. Lawrence and Randall, who found that her vision was compromised. Pl.'s Objs. at 9-10. The ALJ in fact did not ignore but expressly considered these physicians' observations; the ALJ also made findings that supported his determination that the findings of Drs. Lawrence and Randall did not deserve great weight:

> The visual limitations posited by Dr. Lawrence and Dr. Randall are not warranted by the overall evidence, and are a misrepresentation of the evidence that was before them. Additional evidence in the form of the claimant's testimony concerning significant functional capacities, which these doctors did not have the benefit of reviewing, has been developed and adduced at the hearing level as detailed throughout this opinion. Independent assessment of the overall record leads the undersigned to conclude that the claimant's residual functional capacity has been restricted as delineated above. However, the claimant's admitted and demonstrated capabilities as previously described, along with the objective findings previously noted, warrant no further limitation beyond that delineated above. A restriction to "no fine discrimination" is simply not warranted for a claimant capable of the activities she has admitted as detailed previously, and Dr. Randall's statement is vague, ambiguous, and unhelpful in delineating a function-by-function analysis.

Tr. at 33.

Plaintiff next objects to the ALJ's reliance on the agency's consultative ophthalmologist, Dr. Turk, whose experience and credibility is challenged by Plaintiff. Pl.'s Objs. at 10-15, 18-19. The ALJ considered Dr. Turk's finding that Plaintiff has myopia but found that the visual examination "contains several inconsistencies and reasons to question the claimant's contentions" and noted that Plaintiff's own reports of her activities were inconsistent with Plaintiff's claimed disability. Tr. at 31-32.

Finally, Plaintiff asserts that the ALJ failed at steps 3 and 4 of the sequential evaluation required under 20 C.F.R. § 404.1520(a) by failing to consider the combined impact of Plaintiff's impairments and whether she can perform her past relevant work in light of her RFC. Pl.'s Objs. at 20-21. The ALJ extensively considered whether Plaintiff's alleged impairments as a whole meet or equal the Listing of Impairments and whether she can perform her past relevant work in light of her RFC. Tr. at 21-31. What Plaintiff is asking this Court to do is to re-weigh the evidence, which is not permitted in a review of a disability determination. See Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) ("Our limited review does not allow us to decide the facts anew, make credibility

determinations, or re-weigh the evidence.") (alterations accepted and citations and punctuation omitted).

## IV. CONCLUSION

After conducting a *de novo* review of those portions of the R&R to which Plaintiff objects and reviewing the remainder of the R&R for plain error, Plaintiff's Objections to the R&R [Doc. 28] are **OVERRULED**. The Court **APPROVES AND ADOPTS** the Final Report and Recommendation [Doc. 26], as the Opinion and Order of this Court.

It is hereby **ORDERED** that the Commissioner's final decision denying Plaintiff's application for disability insurance benefits is **AFFIRMED**.

The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED** this 24th day of January, 2022.

_____
MARK H. COHEN
United States District Judge